IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHARRON M.[1], | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-CV-00147-BU |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharron M. seeks judicial review of a final adverse decision of the Commissioner of Social Security (the Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. This case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Dkt. No. 6. The parties have consented to proceed before a magistrate judge and this case has been reassigned to the undersigned for all further proceedings. Dkt. No. 22.

For the reasons explained below, the Court affirms the Commissioner's decision.

I. BACKGROUND

Plaintiff alleges a disability that began on May 1, 2019. Administrative Record, Dkt. No. 13-1 (Tr.) at 16. After her application for disability and disability insurance benefits under Title II of the Social Security Act was denied initially and on reconsideration,

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge (ALJ). Tr. at 16. The ALJ held a hearing on August 30, 2021, where Plaintiff appeared with counsel. Tr. at 35.

Plaintiff was born on September 25, 1969. Tr. at 40. The last grade of education Plaintiff completed was the tenth grade, and she has not received a GED. Tr. at 41. Prior to the onset of her alleged disability, Plaintiff worked as a cashier, waitress, and school cook. Tr. at 41–43.

The ALJ determined that Plaintiff was not disabled and therefore not entitled to disability benefits. Tr. at 28. At step one of the ALJ's analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her disability-onset date of May 1, 2019. Tr. at 18. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spine and osteoarthritis and meniscus tear of the right knee. Tr. at 19. At step three, the ALJ found that none of the Plaintiff's impairments, or combination of impairments, meet the severity requirements of a listed impairment in the Social Security regulations. Tr. at 21. Additionally, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work except that she:

> can stand or walk for a combined four hours in an eight-hour workday. The claimant can frequently reach, handle, and finger bilaterally. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, and crouch. The claimant can never climb ladders, ropes, and stairs and crawl.

Tr. at 21.

At step four, the ALJ concluded that Plaintiff could not perform past relevant work as a restaurant cashier, waitress, or school cook. Tr. at 25–26. At step five, the ALJ found

that Plaintiff could perform the positions of marker, electronic worker, and mail clerk. Tr. at 26–28. Because Plaintiff could perform jobs that existed in significant numbers in the national economy, the ALJ ultimately determined that, per the definition in the Social Security Act, Plaintiff was not disabled. Tr. at 28.

Plaintiff appealed the ALJ's findings to the Appeals Council, but the Council denied her request for review. Tr. at 5. Plaintiff subsequently filed this action in federal district court.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the

Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that she is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–564 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–448 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914

F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam)); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012)—that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–729 (5th Cir. 1996).

### III.   DISCUSSION

Plaintiff argues that the ALJ's decision was erroneous because the ALJ failed to sufficiently develop the record concerning Plaintiff's mental health, and the ALJ failed to properly evaluate the opinion of Physician Assistant Chelsea Britto. Dkt. No. 18 at 2.

A. <u>The ALJ had no obligation to further develop the record.</u>

Plaintiff claims that the ALJ failed to adequately develop the record concerning Plaintiff's mental health. *Id.* at 12. However, Plaintiff's argument relies on her "encourag[ing] the Court to adopt a two-prong test for determining whether the ALJ

5

appropriately developed the record with opinion evidence." *Id.* at 13. Specifically, Plaintiff alleges that an ALJ can only satisfy their duty under 42 U.S.C § 421(d) by assuring the Commissioner complies with 42 U.S.C. § 421(h). *See id.* at 12–16.

Plaintiff believes that the ALJ should be required to comply with 42 U.S.C. § 421(h), which states that "[a]n initial determination" of disability "shall not be made until the Commissioner of Social Security has made every reasonable effort to ensure—in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment . . . ." *Id.* at 12–13 (citing 42 U.S.C. 42(h)). Thus, Plaintiff asks the Court to adopt the following test:

> Has the ALJ sufficiently assured the Agency's compliance with 42 U.S.C. § 421(h) pursuant to the ALJ's duty under 42 U.S.C. § 421(d)? If the ALJ satisfies the first prong, the second prong would be: Does the ALJ have either i) sufficient guidance from opinions concerning the claimant's impairments or ii) evidence that the relevant impairment(s) is(are) sufficiently simple for the ALJ to evaluate them as a layperson? *Id.* at 13.

Plaintiff's counsel concedes that this Court "has previously disagreed with Plaintiff's application of 42 U.S.C. § 421(h)" at the ALJ level—as opposed to the "initial determination"—but asks the Court to reconsider Plaintiff's argument because the other decisions in this Court "did not rely on binding legal precedent" and did not adopt the reasoning of an out-of-district case that supports Plaintiff's argument. *Id.* at 14. Plaintiff

offers no argument in her opening brief that the ALJ failed to comply with this Court's precedent in *Ripley* related to developing the record.[2] *See id.* at 12–16.

The Commissioner responds by arguing that the ALJ sufficiently developed the record and substantial evidence supports the Commissioner's finding that Plaintiff's mental impairments were not severe. Dkt. No. 21 at 4. Plaintiff briefly alleges, in her reply brief for the first time, that the ALJ failed to follow this Court's precedent in *Ripley* concerning development of the record. Dkt. No. 23 at 1–3. Specifically, Plaintiff argues that the Commissioner, through their briefing, "has not offered a sufficient basis for concluding that the ALJ complied with 42 U.S.C. § 421(d)." *See id.*

The Court declines Plaintiff's invitation to apply her proposed test for determining whether the ALJ has sufficiently developed the record. This Court has previously found that 42 U.S.C. § 421(h) is "inapplicable at the ALJ level as such directives only apply to an 'initial determination.'" *Cobb v. Berryhill*, No. 4:17-CV-00106-A, 2017 WL 6492078, at *5 (N.D. Tex. Nov. 29, 2017), *report and rec. adopted*, 2017 WL 6493237 (N.D. Tex. Dec. 15, 2017) (citing *Martinez v. Comm'r of Soc. Sec.*, No. 1:15-cv-289-RHW, 2017 WL 738496, at *2 (S.D. Tex. Feb. 24, 2017)). Thus, undersigned agrees with other Courts that "a plain reading of the regulation" precludes Plaintiff's argument. *McKinney v. Colvin*, No. 3:13-CV-900HTW-LRA, 2014 WL 652948, at *2 (S.D. Miss. Feb. 19, 2014).

---

[2] Although Plaintiff cites to and explains the Court's precedent in *Ripley* in her opening brief, Plaintiff's counsel fails to argue how the ALJ failed to comply with the Court's precedent. *See* Dkt. No. 18 at 12–13. Citations to the Court's precedent devoid of any allegations of how the ALJ failed to comply with their duty is insufficient for Plaintiff to set forth a basis of error.

Additionally, the Court rejects Plaintiff's argument in her reply brief that the Commissioner "has not offered a sufficient basis for concluding that the ALJ complied with 42 U.S.C. § 421(d)." Dkt. No. 23 at 1. It was Plaintiff's burden, not the Commissioner's, to establish that the ALJ's decision was not supported by substantial evidence or contained legal error. *Mary C. R. v. Kijakazi*, No. 3:20-CV-00286-BT, 2021 WL 4476764, at *5 (N.D. Tex. Sept. 30, 2021).[3] Thus, Plaintiff fails to demonstrate the ALJ erred in not further developing the record.

B.  The ALJ properly evaluated the medical opinion of physician assistant Britto.

Plaintiff claims that the ALJ failed to properly consider the opinion of PA Britto. Dkt. No. 18 at 16. Britto opined that Plaintiff "had knee and lumbar pain with standing for greater than five minutes a difficulty ambulating supporting a diagnosis of right knee osteoarthritis." Tr. at 24. Britto limited Plaintiff to "standing and walking for two hours in an eight-hour workday." Tr. at 24.  The ALJ found that Britto's opinion had "limited persuasive value." Tr. at 24.

Plaintiff claims that the ALJ failed to sufficiently evaluate Britto's opinion because the "ALJ cursorily concludes that the opinion is not well explained." Dkt. No. 18 at 16. Plaintiff argues that the "ALJ's simple assertion that PA Britto's opinion was not well

---

[3] Even if the Court was to consider Plaintiff's argument that the ALJ failed to develop the record, thus rendering the ALJ's decision unsupported by substantial evidence, the Plaintiff's argument would fail. Plaintiff claims that the ALJ substituted his lay opinion concerning Plaintiff's mental impairments for the medical opinions of experts. *See* Dkt. No. 23 at 2. Plaintiff's argument is without merit because the ALJ found a state agency psychological examiner's finding persuasive that the Plaintiff did not have a severe impairment. Tr. at 20. Although a different state agency psychological consultant found that Plaintiff had a severe mental impairment, the ALJ explained why that opinion was not persuasive. Tr. at 20. Additionally, Plaintiff argues the ALJ's reliance on Plaintiff's ability to perform daily activities was not indicative of her ability to work. *See* Dkt. No. 23 at 2. However, Plaintiff fails to explain how her daily activities are inconsistent with the ALJ's finding that Plaintiff has the capacity to perform light work, and the ALJ may consider Plaintiff's daily activities in making their RFC determination. *See id.*

explained is insufficient to facilitate review of the ALJ's decision." *Id.* Additionally, Plaintiff asserts that the ALJ's reference to "certain negative exam findings . . . neglects the positive exam findings from 2019 . . . and 2020." *Id.* at 17. The Commissioner responds by arguing that the ALJ's finding that Britto's opinion is less persuasive is free of legal error and supported by substantial evidence because the ALJ considered the supportability and consistency of the opinion. Dkt. No. 20 at 5–6. Plaintiff replies that the ALJ's "consistency analysis was one-sided" when addressing Britto's opinion. Dkt. No. 23 at 3.

An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Garcia v. Berryhill*, 880 F.3d 700, 706 n.7 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). Prior to March 27, 2017, ALJ's were required to give controlling weight to a treating physician's opinion. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). But for claims filed after March 27, 2017, an ALJ "instead considers a list of factors in determining what weight, if any, to give a medical opinion." *Id.* "The most important factors for the ALJ to consider are whether an opinion is based on objective medical evidence and supporting explanations," and is consistent with "other medical and nonmedical sources" in the record. *Id.* (internal quotations omitted). When rejecting a medical source's opinion, an ALJ's explanation should show consideration of these two factors. *See id.* Some of the other factors that an ALJ may consider are the medical provider's relationship with the claimant, the length and frequency of the treatment provided, and the specialization of the medical source. 20 C.F.R. § 404.1520c.

Here, Plaintiff's argument that the ALJ improperly evaluated the medical opinion of Britto is without merit because the ALJ explained why the opinion was only partially supported by objective medical evidence and inconsistent with other medical and nonmedical sources. *See Webster*, 19 F.4th at 719. The ALJ expressly evaluated the supportability of Britto's opinion by finding that her opinion was "supported . . . with diagnostic imaging and examination findings and the recommendation of right knee arthroscopy, but the opinion was not well explained, [and] not based on an examination . . . ." Tr. at 24. Although the ALJ did not provide specific detail on why Britto's opinion was not well explained, the ALJ subsequently explains that Britto's opinion did not consider evidence such as other physical examination findings and straight leg raising tests. Tr. at 24–25. Accordingly, the ALJ properly addressed the supportability of Britto's opinion. *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022) (explaining that an ALJ may find an opinion unsupported because the physician did not "consider certain evidence, did not examine the claimant, or did or did not provide a detailed explanation for the opinion.").

The ALJ then expressly explains why Britto's opinion was "not consistent with the overall medical evidence of record including physical examination findings showing the claimant had a normal gait and stance with normal movement of all extremities, normal range of motion of her cervical, thoracic, and lumbar spine, normal motor strength, intact cranial nerves, intact sensation, normal deep tendon reflexes, and negative straight leg raising tests." Tr. at 24–25.

The Court rejects Plaintiff's assertion that the ALJ erred in finding Britto's opinion inconsistent with the medical record solely because the ALJ noted that Plaintiff had negative straight leg tests when the Plaintiff also had positive straight leg tests from 2019 and 2020. The Court cannot substitute its judgment for that of the ALJ's. And the ALJ's consideration of the medical record as a whole satisfied the ALJ's duty to evaluate the consistency of Britto's opinion. *See Sharon H.*, 2022 WL 3951488, at *4 (finding that the ALJ satisfies their duty of addressing consistency when the ALJ addresses the discrepancy of the opinion with test results and opinions from other medical professionals).

### IV. CONCLUSION

For the reasons explained above, the Court AFFIRMS the Commissioner's decision in all respects.

ORDERED this 6th day of October, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE